# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Citizens Concerned for Life, Inc.; The Taxpayers League of Minnesota; and Coastal Travel Enterprises, LLC, | Civil No. 10-2938 (DWF/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Lori Swanson, Minnesota Attorney General, in her official capacity; Bob Milbert, John Scanlon, Terri Ashmore, Hilda Bettermann, Felicia Boyd, and Greg McCullough, Minnesota Campaign Finance and Public Disclosure Board Members, in their official capacities; Raymond Krause, Chief Administrative Law Judge of the Minnesota Office of Administrative Hearings, in his official capacity; Eric Lipman, Assistant Chief Administrative Law Judge of the Minnesota Office of Administrative Hearings, in his official capacity; Manuel Cervantes, Beverly Heydinger, Richard Luis, Steve Mihalchick, Barbara Neilson, and Kathleen Sheehy, Administrative Law Judges of the Minnesota Office of Administrative Hearings, in their official capacities; and Michael Freeman, Hennepin County Attorney, in his official capacity, | |
| Defendants. | |

_____

James R. Magnuson, Esq., and Erik G. Kaardal, Esq., Mohrman & Kaardal, P.A.; and James Bopp, Jr., Esq., Joseph E. La Rue, Esq., Kaylan L. Phillips, Esq., and Richard E. Coleson, Esq., Bopp, Coleson & Bostrom, counsel for Plaintiffs.

Alan I. Gilbert, Solicitor General, John S. Garry and Kristyn M. Anderson, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Defendants Lori Swanson, Bob Milbert, John Scanlon, Terri Ashmore, Hilda Bettermann, Felicia Boyd,

Greg McCullough, Raymond Krause, Eric Lipman, Manuel Cervantes, Beverly Heydinger, Richard Luis, Steve Mihalchick, Barbara Neilson, and Kathleen Sheehy.

Daniel P. Rogan and Beth A. Stack, Assistant Hennepin County Attorneys, Hennepin County Attorney's Office, counsel for Defendant Michael Freeman.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Manuel Cervantes, Beverly Heydinger, Raymond Krause, Eric Lipman, Richard Luis, Steve Mihalchik, Barbara Neilson, Kathleen Sheehy (together, the "Administrative Law Judges"), and Minnesota Attorney General Lori Swanson.  For the reasons discussed below, the Court grants the motion.

## BACKGROUND

In July 2010, Plaintiffs brought this action challenging the constitutionality of Minnesota Statutes Chapters 211B and 10A.  (Compl. ¶ 1(a)-(e).)  Plaintiffs' challenge came after the Minnesota legislature amended Minnesota law in light of the United States Supreme Court's decision in *Citizens United v. Federal Election Commission*, 130 S. Ct. 876 (2010).  In *Citizens United*, the Supreme Court ruled that the government may not prohibit corporations from making independent expenditures for political speech expressly advocating for or against the election of candidates for political office.  *Citizens United*, 130 S. Ct. at 822.  Minnesota law formerly prohibited corporations from making independent expenditures and was amended to expressly allow for corporate independent expenditures.

In their Complaint, Plaintiffs assert that the Minnesota law related to corporate independent expenditures is unconstitutional because it prohibits corporate general-fund independent expenditures; that Minnesota's interpretation of independent expenditure is unconstitutional as a matter of law because it is impermissibly broad; and that Minnesota's ban on corporate general-fund direct contributions to candidates and political parties is unconstitutional.  Plaintiffs moved for a preliminary injunction, which was denied.  (Doc. 59.)  Plaintiffs filed a notice of appeal (Doc. 60), and Plaintiffs' appeal was docketed at the Eighth Circuit Court of Appeals.  (Doc. 66.)  The Administrative Law Judges and Attorney General Swanson now move to dismiss all claims asserted against them.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.

1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The Administrative Law Judges and Attorney General Swanson seek to have all claims asserted against them dismissed. Plaintiffs do not oppose the motion insofar as it pertains to the claims asserted against the Administrative Law Judges. Therefore, all claims against the Administrative Law Judges are dismissed and the Administrative Law Judges are dismissed from this action. The sole remaining issue for the Court on the pending motion to dismiss is whether the Court should dismiss the claims as asserted against Attorney General Swanson.

Attorney General Swanson contends that she is not a proper defendant in this action and that all claims against her should be dismissed because they are barred by the Eleventh Amendment. In particular, Attorney General Swanson asserts that only state

4

officials who are responsible for enforcing allegedly unconstitutional state legislation may be sued in federal court and that Plaintiffs do not allege that the Attorney General enforces the provisions challenged in this action.

Plaintiffs argue that Attorney General Swanson is a necessary and proper defendant and should not be dismissed. In particular, Plaintiffs assert that Attorney General Swanson has the power to prosecute violations of Minnesota Statutes Chapters 211B and 10A, subsections of which Plaintiffs challenge as unconstitutional. Plaintiffs therefore assert that the Eleventh Amendment does not preclude her inclusion in this suit.

As a general rule, the Eleventh Amendment immunizes states from suits filed against them in federal court without their consent under the state's inherent sovereign immunity. U.S. Const. amend. XI. The Supreme Court has construed the Eleventh Amendment, which, by its express terms, applies only to actions against states by citizens of other states, to also bar suits in federal court against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Moreover, the immunity afforded a state in federal court extends to agencies of the state. *Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981). The Eleventh Amendment also bars suits against state officials when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v.*

*Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*).

The Supreme Court has long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law where the relief sought is only injunctive.  *Ex Parte Young*, 209 U.S. 123 (1908).

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of that act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party.

*Id.* at 157.  The exception only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution."  *Id.* at 156.

Circuit courts have held that the "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law."  *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) (quoting *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3rd Cir. 1993)); *see also Okpaboli v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001).  "The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute.  Nor is the mere fact that an attorney general has a duty to prosecute all actions in which a state is interested enough to make him a proper defendant in every such action."  *Shell Oil Co. v.*

*Noel*, 608 F.2d 208, 211 (1st Cir. 1979).

In *Reproductive Health Services of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139 (8th Cir. 2005), the Eighth Circuit Court of Appeals acknowledged that statutory authority allowing the Missouri Attorney General to aid prosecutors when so directed by the Governor and to sign indictments when directed to do so by the trial court makes the Attorney General "a *potentially* proper party for injunctive relief." 428 F.3d at 1145 (emphasis in original). The Eighth Circuit, however, ultimately found in *Reproductive Health* that the district court erred in issuing an injunction against the Attorney General that was not directed to enforce the statute. *Id*. The Eighth Circuit explained that "extending the grant of preliminary injunctive relief to this defendant in his official capacity looks very much like the impermissible grant of federal court relief against the State of Missouri." *Id.*

Plaintiffs assert that Attorney General Swanson is a proper defendant in this case because she has power to prosecute violations of Minnesota Statutes Chapters 211B and 10A. Minnesota law provides that members of the Minnesota Campaign Finance and Public Disclosure Board ("Board") are responsible for enforcing Chapter 10A and that county attorneys are responsible for enforcing Chapter 211B. *See* Minn. Stat. § 10A.02, subd. 11, § 10A.34, § 211B.16, subd. 3. In addition, Minnesota Statute section 8.01 provides that "[w]henever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense, and in all such cases may attend upon the grand jury and exercise the powers of a county attorney." Minn. Stat.

§ 8.01. In Plaintiffs' view, this statute gives the attorney general the requisite independent enforcement authority to preclude her dismissal from this case.

The Court respectfully disagrees and concludes that Attorney General Swanson's conditional authority to prosecute an indictable offense at the Governor's request is insufficient to maintain the attorney general as a defendant in this action.[1] As in *Reproductive Health*, the relevant state law here gives local prosecutors the specific responsibility to enforce the challenged statutory provisions. In addition, Attorney General Swanson's authority to prosecute is general and dependent upon a specific request being made by the Governor. Further, as in *Reproductive Health*, there is no allegation that the Governor here has made or will make a request that Attorney General Swanson prosecute a violation of Chapter 211B. The Court concludes that Plaintiffs' argument for maintaining Attorney General Swanson as a defendant in this action is contrary to *Reproductive Health*.

Plaintiffs argue that this case is different from *Reproductive Health* because here the attorney general has independent prosecutorial power when directed to do so by the Governor as opposed to merely being authorized to *aid* prosecutors at the direction of the Governor. Although the Court acknowledges that the facts here are not identical to those presented in *Reproductive Health,* the Court disagrees that the distinction noted by

---

[1] Because a violation of Minnesota Statute § 10A is not a crime or an "indictable offense," that statute does not provide a basis for maintaining Attorney General Swanson as a defendant in this action.

Plaintiffs merits a different result.  Here, Attorney General Swanson has no specific duty or independent authority (without a request by the Governor) to prosecute a violation of the challenged criminal provision of Chapter 211B.  In addition, there has been no showing that the Governor intends or has threatened to request Attorney General Swanson to prosecute a violation of the relevant statutes.  For the above reasons, the Court concludes that, under the facts of this case, Attorney General Swanson is immune from this suit under the Eleventh Amendment.  Therefore, the Court grants the pending motion to dismiss the claims against Attorney General Swanson.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [68]) is **GRANTED**.

    a. All claims against Defendants Manuel Cervantes, Beverly Heydinger, Raymond Krause, Eric Lipman, Richard Luis, Steve Mihalchik, Barbara Neilson, Kathleen Sheehy, and Attorney General Lori Swanson are **DISMISSED WITH PREJUDICE**.


Dated:  March 1, 2011            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge