UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Citizens Concerned for Life, Inc.;                Civil No. 10-2938 (DWF/JSM)
The Taxpayers League of Minnesota;
and Coastal Travel Enterprises, LLC,

          Plaintiffs,

v.                                                                                                  **MEMORANDUM**
                                                                                                    **OPINION AND ORDER**
Bob Milbert, John Scanlon, Terri Ashmore,
Hilda Bettermann, Felicia Boyd, and Greg
McCullough, Minnesota Campaign Finance
and Public Disclosure Board Members,
in their official capacities; and Michael
Freeman, Hennepin County Attorney,
in his official capacity,

          Defendants.

---

Jeffrey P. Gallant, Esq, James Bopp, Jr., Esq., and Richard E. Coleson, Esq., The Bopp Law Firm; and Erick G. Kaardal, Esq., and James R. Magnuson, Esq., Mohrman & Kaardal, PA, counsel for Plaintiffs.

Alan I. Gilbert, Solicitor General, and John S. Garry, Kristyn M. Anderson, and Alethea M. Huyser, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Minnesota Campaign Finance and Public Disclosure Board Member Defendants; and Daniel P. Rogan and Beth A. Stack, Assistant Hennepin County Attorneys, Hennepin County Attorney's Office, counsel for Defendant Michael Freeman, Hennepin County Attorney.

---

     In this action, Plaintiffs challenge several Minnesota statutes that relate to

campaign finance and disclosure. Plaintiffs allege that the challenged statutes—

Minnesota Statute § 10A.12, subds. 1 and 1a, § 10A.01, subd. 18, § 10A.27, subd. 13, and § 211B.15, subds. 2, 3, and 4—are unconstitutional because they violate both the First and Fourteenth Amendments to the United States Constitution.  Plaintiffs seek both a declaratory judgment that the challenged statutes are unconstitutional and an injunction enjoining enforcement of the challenged statutes.  In a Memorandum Opinion and Order dated September 20, 2010 (the "September 2010 Order"), this Court denied Plaintiffs' Motion for Preliminary Injunction.  (Doc. No. 59.)  In the September 2010 Order, the Court concluded that Plaintiffs failed to establish a likelihood of success on all counts and that the remaining *Dataphase* factors would likely weigh in Defendants' favor.

On September 22, 2010, Plaintiffs filed a Notice of Appeal.  (Doc. No. 60.)  In their appeal, Plaintiffs argued that the Court abused its discretion by denying their motion for a preliminary injunction because Plaintiffs were likely to succeed on the merits of their claim that Minnesota's campaign finance laws unconstitutionally infringe upon their right to engage in political speech through independent expenditures.  On May 16, 2011, a divided panel of the Eighth Circuit Court of Appeals affirmed the denial of the preliminary injunction.  *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 640 F.3d 304, 319 (8th Cir. 2011) ("*MCCL I*").[1]  The Eighth Circuit subsequently granted

---

[1]   Chief Judge Riley dissented in the March 16, 2011 panel decision, focusing on the "potentially perpetual" ongoing reporting requirements under Minn. Stat. § 10A.20, subd. 7, and determining that Minnesota did not "show a substantial relation between its ongoing requirement and any important governmental interest."  *MCCL I*, 640 F.3d at
(Footnote Continued on Next Page)

2

rehearing *en banc* and vacated the panel decision.  On September 5, 2012, the Eighth Circuit issued an *en banc* opinion regarding the September 2010 Order.  *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864 (8th Cir. 2012) ("*MCCL II*").

In *MCCL II*, the Eighth Circuit, in a 6-5 decision written by Chief Judge Riley, affirmed in part and reversed in part the September 2010 Order and remanded the action for further proceedings consistent with their opinion.  *MCCL II*, 692 F.3d at 880.  The Eighth Circuit explained:

> Minnesota's independent expenditure law almost certainly fails [the exacting scrutiny test] because its ongoing reporting requirement—which is initiated upon a $100 aggregate expenditure, and is untethered from continued speech—does not match any sufficiently important disclosure interests—providing the electorate and shareholders information concerning the source of corporate political speech, deterring corruption, and detecting violations of campaign finance laws—through less problematic measures, such as requiring reporting whenever money is spent, as the law already requires of individuals.

*Id*. at 876-77 (internal citations and quotations omitted).  The Eighth Circuit further stated:

> Accordingly, we reverse the district court's denial of the appellants' motion for a preliminary injunction to the extent it requires ongoing reporting requirements from associations not otherwise qualifying as PACs under

---

(Footnote Continued From Previous Page)
320, 322.

     Minn. Stat. § 10A.20 is entitled "Campaign Reports" and subdivision 7 pertains to the "statement of inactivity."  Specifically, subdivision 7 provides: "If a reporting entity has no receipts or expenditures during a reporting period, the treasurer must file with the board at the time required by this section a statement to that effect." Minn. Stat. § 10A.20, subd. 7.

>Minnesota law. At this early stage of the litigation, we express no opinion as to whether any of the other obligations Minnesota imposed upon associations speaking through political funds would, by themselves or collectively, survive exacting scrutiny. Neither do we have occasion at this point to decide whether it is appropriate to remedy any constitutional infirmity . . . by severing Minn. Stat. § 10A.20, subdiv. 7 to remove the likely unconstitutional ongoing reporting obligations.

*Id*. at 877 (internal citations omitted).[2]

On September 11, 2012, Minnesota State Defendants filed a letter requesting that the Court modify its September 2010 Order to preliminarily enjoin the application of Minn. Stat. § 10A.20, subd. 7 to political funds. (Doc. No. 92.) Defendant Hennepin County Attorney Michael Freeman joined the request. (Doc. No. 93.)[3] In a letter dated September 25, 2012, Plaintiffs explained their position regarding the Eighth Circuit's opinion in *MCCL II*, namely that they disagree with the scope of the preliminary injunction as proposed by Defendants. Instead, Plaintiffs assert that the *en banc* opinion requires a preliminary injunction against the entirety of Minnesota's independent expenditure political fund law as it applies to associations (including corporations). (Doc. No. 99.)

---

[2] In *MCCL II*, the Eighth Circuit also explained that its holding does not affect Minnesota's regulation of political committees. *MCCL II*, 692 F.3d 877 n.11.

[3] The Minnesota Campaign Finance and Disclosure Board issued a bulletin advising political funds that the Board will not require them to file a report if no campaign activity occurred during the pertinent reporting period. (Doc. No. 92-1 ¶ 2, Ex. 2.)

In support of its position, Plaintiffs submit that the Eighth Circuit's statement that the preliminary injunction should be entered "to the extent it requires ongoing reporting requirements from associations not otherwise qualifying as PACs under Minnesota law" does not mean that the Eighth Circuit intended only to enjoin Minn. Stat. § 10A.20, subd. 7.  Plaintiffs also contend that the Eighth Circuit's decision not to reach the issue of severability demonstrates the Eighth Circuit's intention to enjoin the entirety of Minnesota's independent expenditure political fund law.

The Court disagrees with Plaintiffs' position on the appropriate scope of an injunction.  First, the majority in *MCCL II* explicitly limits its reversal to the ongoing reporting of political fund inactivity required by Minn. Stat. § 10A.20, subd. 7.  Specifically, the majority states:  "[W]e reverse the district court's denial of the appellants' motion for a preliminary injunction to the extent it requires ongoing reporting requirements from associations not otherwise qualifying as PACs under Minnesota law."  *MCCL II*, 692 F.3d at 877.[4]  Further, in explaining that it would not reach the issue of

---

[4]  Plaintiffs argue that this specific holding must be considered along with the Eighth Circuit's more general statement—"we conclude Minnesota's requirement that all associations make independent expenditures through an independent expenditure political fund . . . is most likely unconstitutional."  *MCCL II*, 692 F.3d at 877.  The Court agrees that the statements must be read together, but notes that the general statement relied upon by Plaintiffs is immediately preceded by the explanation that "Minnesota has not advanced any relevant correlation between its identified interests and *ongoing reporting requirements*."  *Id.* (emphasis added.)  Read together, it is clear to this Court that the Eighth Circuit's opinion is limited to the constitutionality of the ongoing reporting requirements.

whether it is appropriate to remedy any constitutional infirmity "by severing Minn. Stat. § 10A.20, subd. 7 to remove the likely unconstitutional ongoing reporting obligations," the majority clearly indicates that it was specifically invalidating Minn. Stat. §10A.20, subd. 7. *Id.*[5] The majority expressed no opinion as to whether any of the challenged statutory requirements imposed on associations speaking through political funds would survive constitutional scrutiny. *Id.* In addition, the dissent in *MCCL II* sheds light on the appropriate scope of an injunction, noting that the majority opinion acknowledges that "Minnesota can impose ongoing disclosure requirements on corporations and associations that actually make contributions in a reporting period," and pointing out that "the majority's conclusion of a likely constitutional violation solely centers on the reporting requirements to those associations that choose not to terminate the fund but conduct no activity during the reporting period." *Id.* at 885 (citing *MCCL II*, 692 F.3d at 876-77). Based on the clear language in the opinion, the Court concludes that the appropriate scope of a preliminary injunction is limited to enjoining the application of Minn. Stat. § 10A.20, subd. 7 to political funds.

Plaintiffs argue that the Eighth Circuit's decision not to reach the issue of severability demonstrates that the Eighth Circuit concluded that Minnesota's entire

---

[5] That the majority focuses on the constitutionality of the ongoing reporting of political fund inactivity is underscored by Chief Judge Riley's dissent in the March 16, 2012 panel decision, which also focuses on the constitutionality of requiring registered political funds to file a statement of inactivity. *MCCL I*, 640 F.3d at 320.

independent expenditure law should be enjoined. The Court disagrees. First, such a conclusion is directly contrary to the majority opinion's explicit explanation that only Minn. Stat. § 10A.20, subd. 7 as applied to political funds is unconstitutional and must be enjoined. Second, the Court disagrees that the Eighth Circuit's decision to decline to consider the issue of severability somehow indicates that it was assuming that the law, by default, was not severable. In declining to reach the issue, the Eighth Circuit cited to *Neighborhood Enterprises v. City of St. Louis*, 644 F.3d 728, 738-39 (8th Cir. 2011) with the following parenthetical citation— "remanding to the district court to decide in the first instance the question of whether an unconstitutional state provision was severable from the remainder of the statute." *MCCL II*, 692 F.3d at 877. This citation demonstrates that the Eighth Circuit simply declined to reach the issue and was not otherwise suggesting an opinion on the issue of severability. Finally, the Court concludes on a preliminary basis that a limited preliminary injunction directed only at the statement of inactivity is consistent with Minnesota law on severability. Under Minnesota law, statutory provisions are presumed to be severable:

> Unless there is a provision in the law that the provisions shall not be severable, the provisions of all laws shall be severable. If any provision of a law is found to be unconstitutional and void, the remaining provisions of the law shall remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

Minn. Stat. § 645.20.  Here, there has been no showing that the invalidated provision of Minnesota's independent expenditure law is inseparably connected to the remaining provisions, or that the legislature would *not* have enacted the remaining provisions without Minn. Stat. § 10A.20, sub. 7.

For the reasons stated above, the Court concludes that it is appropriate to modify the September 2010 Order to preliminarily enjoin the application of Minn. Stat. § 10A.20, subd. 7 to political funds.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. No. [8]) is **GRANTED IN PART** as follows:  Defendants are enjoined from applying Minn. Stat. § 10A.20, subd. 7 to political funds.

Dated:  October 12, 2012              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge