Minnesota Citizens Concerned for Life, Inc.;  Civil No. 10-2938 (DWF/JSM)
The Taxpayers League of Minnesota;
and Coastal Travel Enterprises, LLC,

          Plaintiffs,

v.  **MEMORANDUM OPINIONAND ORDER**

Bob Milbert, John Scanlon, Terri Ashmore,
Hilda Bettermann, Felicia Boyd, and Greg
McCullough, Minnesota Campaign Finance
and Public Disclosure Board Members,
in their official capacities; and Michael
Freeman, Hennepin County Attorney,
in his official capacity,

          Defendants.

---

Jeffrey P. Gallant, Esq., James Bopp, Jr., Esq., and Richard E. Coleson, Esq., The Bopp Law Firm; and Erick G. Kaardal, Esq., and James R. Magnuson, Esq., Mohrman & Kaardal, PA, counsel for Plaintiffs.

Alan I. Gilbert, Solicitor General, and John S. Garry, Kristyn M. Anderson, and Alethea M. Huyser, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Minnesota Campaign Finance and Public Disclosure Board Member Defendants; and Daniel P. Rogan and Beth A. Stack, Assistant Hennepin County Attorneys, Hennepin County Attorney's Office, counsel for Defendant Michael Freeman, Hennepin County Attorney.

---

The Court previously outlined the procedural history of this case in its October 12, 2012 Memorandum Opinion and Order (the "October 12, 2012 Order").

(Doc. No. 102.) Briefly, in this action, Plaintiffs challenge several Minnesota statutes that relate to campaign finance and disclosure, and seek both a declaratory judgment that the challenged statutes are unconstitutional and an injunction enjoining enforcement of the challenged statutes. The challenged statutes include Minn. Stat. §§ 10.A.12(1), 10A.12(1a), and 211B.15(3).[1]

In a Memorandum Opinion and Order dated September 20, 2010 (the "September 2010 Order"), the Court denied Plaintiffs' Motion for Preliminary Injunction. (Doc. No. 59.) In the September 2010 Order, the Court concluded that Plaintiffs failed to establish a likelihood of success on all counts and that the remaining *Dataphase* factors would likely weigh in Defendants' favor. On September 22, 2010, Plaintiffs filed a Notice of Appeal of the September 20, 2010 Order. (Doc. No. 60.) On May 16, 2011, a divided panel of the Eighth Circuit Court of Appeals affirmed the denial of the preliminary injunction. *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 640 F.3d 304, 319 (8th Cir. 2011) ("*MCCL I*"). The Eighth Circuit subsequently granted rehearing *en banc* and vacated the panel decision. On September 5, 2012, the Eighth Circuit issued an *en banc* opinion regarding the September 2010 Order. *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864 (8th Cir. 2012) ("*MCCL II*"). In *MCCL II*, the Eighth Circuit, in a 6-5 decision, affirmed in part and reversed in part the September 2010 Order

---

[1] Plaintiffs have abandoned their challenges to the additional provisions of Minnesota law. (Doc. No. 51 at 1 n.2.)

and remanded the action for further proceedings consistent with their opinion.  *MCCL II*, 692 F.3d at 880.  Subsequently, both parties submitted letters to the Court requesting entry of a preliminary injunction pursuant to the *en banc* decision.  Plaintiffs sought an injunction that enjoined application of Minn. Stat. §§ 10A.12(1), 10A.12(1a), and 211B.15(3).  (Doc. No. 99.)  Defendants sought an injunction that enjoined only the application of Minn. Stat. §10A.20, subd. 7, to political funds.  (Doc. Nos. 92 & 93.)

For the reasons fully explained in the October 12, 2012 Order, the Court entered an order preliminarily enjoining only the application of Minn. Stat. § 10A.20, subd. 7, to political funds.  (Doc. No. 102.)  On October 17, 2012, Plaintiffs filed a Notice of Appeal to the Eighth Circuit Court of Appeals of the October 12, 2012 Order.  (Doc. No. 104.)  Plaintiffs submit that the Court should have also enjoined the enforcement of Minn. Stat. §§ 10A.12(1), 10A.12(1a), and 211B.15(3).  Plaintiffs now request, under Rule 8(a)(1) of the Federal Rules of Appellate Procedure, that the Court enjoin the enforcement of Minn. Stat. §§ 10A.12(1), 10A.12(1a), and 211 B.15(3) pending the resolution of Plaintiffs' appeal to the Eighth Circuit Court of Appeals.  Defendants oppose this request.

Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides:

**Initial Motion in the District Court**. A party must ordinarily move first in the district court for the following relief:

. . .

(C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

3

Fed. R. App. P. 8(a)(1). The standard for granting an injunction pending appeal is: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent an injunction pending appeal; (3) whether issuance of the injunction pending appeal will substantially injure the other interested parties; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). These factors are essentially the same as those considered in determining whether preliminary injunctive relief is appropriate. *See Dataphase Sys. Inc. v. C.L. Sys.*, Inc., 640 F.2d 109, 114 (8th Cir. 1981).

The Court already considered the *Dataphase* factors and determined that Plaintiffs failed to establish that they are entitled to a preliminary injunction. (Doc. No. 67 at 3.) In light of the Eighth Circuit's *en banc* decision, the Court subsequently issued a preliminary injunction as to the application of Minn. Stat. § 10A.20, subd. 7, to political funds. (October 12, 2012 Order at 8.) In the October 12, 2012 Order, the Court explained that the Eighth Circuit limited its reversal to the requirement of ongoing reporting of political fund inactivity and that the appropriate scope of an injunction is limited to enjoining the application of Minn. Stat. § 10A.20, subd. 7, to political funds. (*Id*. at 5-6.) Plaintiffs have not demonstrated that they are likely to succeed on their claim that the Court should have enjoined any additional challenged statutes. Accordingly, the Court concludes that Plaintiffs' motion for an injunction pending appeal is properly denied.

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Injunctive Relief Pending Appeal (Doc. No. [106]) is **DENIED**.


Dated: October 31, 2012        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge